IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FONTEM VENTURES B.V., a Netherlands company; and FONTEM HOLDINGS 1 B.V., a Netherlands company, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:16-CV-1255 (Lead Case) 1:16-CV-1257 |
| R.J. REYNOLDS VAPOR COMPANY, a North Carolina company, | ) ) ) ) | 1:16-CV-1258 1:17-CV-175 |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

Fontem Ventures has filed four suits against R.J. Reynolds Vapor Company claiming that Reynolds is infringing fifteen Fontem patents used in the manufacture and design of electronic cigarettes. The parties have largely agreed on a protective order to cover the scope of discovery and the exchange of confidential information, but they disagree on whether the Court should impose a patent prosecution bar. The Court concludes that the parties are entitled to a protective order governing the use of designated confidential information during the litigation process, but that Reynolds has not shown good cause for a patent prosecution bar.

## I.      Protective Orders Generally

For good cause, a court may issue a protective order that limits the scope of discovery, for instance by prescribing a particular discovery method, prohibiting inquiry

into certain subjects, limiting how confidential information can be used, or designating who may see confidential business or technical information. Fed. R. Civ. P. 26(c)(1). To obtain a protective order to protect confidential information, "[t]he proponent must show that the information is confidential and that its disclosure would create a risk of harm to the party's interests," and that the risk of harm from disclosure outweighs the harm of restricting discovery. *Biazari v. DB Indus., LLC*, No. 5:16-CV-49, 2017 WL 1498122, at *2 (W.D. Va. Apr. 26, 2017); *see also In re Violation of Rule 28(D)*, 635 F.3d 1352, 1357-58 (Fed. Cir. 2011); *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998). Technical information in patent cases is ordinarily entitled to "a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information." *Valencell, Inc. v. Apple, Inc.*, No. 5:16-CV-1-D, 2016 WL 7217635, at *2 (E.D.N.C. Dec. 12, 2016) (quotation omitted).

The parties agree that a protective order is appropriate to protect confidential, proprietary, or private information subject to discovery. *See* Doc. 72 at ¶ 2; Docs. 75-2, 72-1.[1] They further agree on a process for designating such information, who can see such information, how such information can be used, and a process for bringing disputes over confidentiality designations before the Court. *See* Docs. 75-2, 72-1. The Court finds good cause for entry of a protective order along the lines proposed by the parties. *See In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (noting that protective orders "specifying that designated confidential information may be used

---

[1] Citations to the CM-ECF docket refer to the lead case, 16-cv-1255, unless otherwise noted.

only for purposes of the current litigation . . . are generally accepted as an effective way of protecting sensitive information while granting trial counsel limited access to it for purposes of the litigation"). Such an order will be entered separately.

## II. The Request for a Patent Prosecution Bar

### a. Background

The patents at issue in this case are part of the extensive "Hon patent portfolio" concerning e-cigarettes and vapor technology. Doc 72 at ¶¶ 7-8; *see also Fontem Ventures B.V. v. R.J. Reynolds Vapor Co.*, No. 17-CV-175, Doc. 24 at 5 (M.D.N.C. Apr. 24, 2017). The Hon patent portfolio is still growing and Fontem has at least seven pending patent applications before the United States Patent and Trademark Office (PTO) related to patents asserted in this case.[2] Doc. 72 at ¶ 8.

Since 2007, Perkins Coie, the law firm representing Fontem in this case, has prosecuted the Hon patent portfolio before the PTO by preparing patent applications, amending claims, and participating in office actions, among other things. *Id.* at ¶ 11; *see also* Docs. 72-6, 72-7. Perkins Coie has also represented Fontem and its predecessor, Ruyan Investment Holdings Limited, in other litigation on the Hon patent portfolio. Doc. 72 at ¶¶ 12-13; Doc. 72-8; *see also* Doc. 75-1 at ¶¶ 10-12.

---

[2] U.S. App. Nos. 14/525,066 and 15/167,825 claim priority from the same family of patents as the '628, '726, and '549 patents. Doc. 72 at ¶ 8. U.S. App. Nos. 15/091,296 and 15/169,929 claim priority from the same family as the '239 patent. *Id.* U.S. App. Nos. 15/167,659 and 15/167,690 claim priority from the same family as the '742 and '548 patents. *Id.* U.S. App. No. 15/158,421 claims priority from the same family as the '205 patent. *Id.* U.S. App. No. 13/740,011 was recently issued as Patent No. 9,456,632, which Fontem then asserted along with seven other patents in the most recent case in this consolidated litigation. *See* Compl., *Fontem Ventures B.V. v. R.J. Reynolds Vapor Co.*, No. 17-CV-175, Doc. 1 at ¶¶ 533-84 (M.D.N.C. Mar. 1, 2017).

Fontem identifies four lawyers, Michael Wise, Joseph Hamilton, Ken Ohriner, and Lara Dueppen, who have been particularly involved with both the prosecution and litigation of the Hon patent portfolio for a number of years. *See* Doc. 75-1 at ¶¶ 3-6, 9-12. Mr. Wise, Mr. Hamilton, and Ms. Dueppen are counsel of record in these consolidated cases. *E.g.*, Doc. 1 at 1. Mr. Wise, Mr. Hamilton, and Mr. Ohriner prosecuted several of the patents-in-suit before the PTO. Doc. 75-1 at ¶ 9.

### b. Nature of the Dispute

Reynolds asks the Court to include a patent prosecution bar in the protective order to preclude anyone who reviews certain confidential information from then participating in patent prosecution for the Hon patent portfolio or otherwise relating to aerosol or vapor electronic cigarette technology. Doc. 70; *see Univ. of Va. Patent Found. v. Gen. Elec. Co.*, No. 3:14-CV-00051, 2016 WL 379813, at *1 n.1 (W.D. Va. Jan. 29, 2016) (explaining that a patent prosecution bar "restricts the patent-related activities of an individual who receives confidential information from a party during litigation, or limits the receipt of such information if the individual has already engaged in certain activities").

Specifically, Reynolds' proposed prosecution bar would prevent "any Outside Counsel or Expert who accesses" designated confidential documents "that reflect[] or contain[] technical information concerning current or future aerosol or vapor electronic cigarette technology" from then "be[ing] involved in prosecution of patents or patent applications relating to aerosol or vapor electronic cigarette technology," including the

patents in this case and patents related to those asserted in this case. Doc. 72-1 at ¶ 7.5.[3] The proposed bar would last "from the date of access until expiration of two years from the final disposition of this action." *Id.* Reynolds does not identify specific counsel who should be subject to the bar, but asks that the bar be triggered as to any outside counsel or experts who access the designated documents. *See id.*

Fontem asserts that Reynolds has not met its burden to show that a prosecution bar is warranted and that such a bar is not necessary. Doc. 75; *see* Doc. 75-2. As to the accused products, Fontem contends that the relevant technical information is publicly available and subject to reverse engineering, meaning the information is already available to attorneys involved in patent prosecution. *See* Docs. 75-11, 75-12 (noting physical aspects of claimed components and accused products that can be visually inspected and identified). As to Reynolds' future products and technology, Fontem asserts that Reynolds claimed that the information is not relevant, meaning Reynolds does not need to produce the information in discovery. *See* Doc. 75-10 at 8-9 (contesting Fontem's production request as overbroad and restricting production to devices "sold or offered for sale within the United States"). Instead of a prosecution bar, Fontem asks the Court to preclude discovery on future products. *See* Doc. 72-1 at ¶ 12.

---

[3] Reynolds defines "prosecution" as "directly or indirectly (a) crafting or controlling the content, type or scope of patent applications, (b) providing strategy, influencing, or otherwise advising on the direction of the patent or patent application, or (c) otherwise writing, reviewing, supervising, commenting upon, or approving the content or scope [sic] patent applications and claims, office actions responses and other submissions to the Patent Office, and the amendment of claims, including surrender of claims or claim scope." Doc. 72-1 at ¶ 7.5. Reynolds excludes *inter partes* proceedings from its patent prosecution bar.

### c. Legal Background

Federal Circuit law governs whether a protective order should include a patent prosecution bar. *Deutsche*, 605 F.3d at 1378. If trial counsel, experts, or other individuals are involved in litigation and in a proceeding before the PTO, there may be a risk of inadvertent disclosure or the accidental use of confidential information gleaned from the litigation to draft or amend patent claims in proceedings before the PTO. *Id.* at 1378-79; *see also Univ. of Va. Patent Found.*, 2016 WL 379813, at *4-5 (applying protection order to expert involved in competitive decision-making). On a showing of good cause and in appropriate circumstances, the court can impose a patent prosecution bar to preclude those who view the confidential information from participating in proceedings before the PTO. *See Deutsche*, 605 F.3d at 1378-79.

To decide whether to impose a patent prosecution bar, the court balances the risk of inadvertent disclosure against the potential harm of restricting a party's choice of counsel. *Id.* at 1380. The party seeking the protection of a prosecution bar bears the burden of demonstrating good cause to impose the restriction. *Id.* at 1378. The Federal Circuit has established the following test to determine whether a patent prosecution bar is warranted:

> We therefore hold that a party seeking imposition of a patent prosecution bar must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information. We further hold that the party seeking an exemption from a patent prosecution bar must show on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give

rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use.

*Id.* at 1381.[4]

To merit a patent prosecution bar, the information that triggers the bar must be relevant to the preparation and prosecution of patent applications before the PTO. *Deutsche*, 605 F.3d at 1381. "[T]he moving party must identify 'specific information that would cause it injury if disclosed.'" *Helferich Patent Licensing, LLC v. Suns Legacy Partners, LLC*, No. CV-11-02304, 2012 WL 6049746, at *3 (D. Ariz. Dec. 5, 2012) (quoting *AmTab Mfg. Corp. v. SICO, Inc.*, No. 11 C 2692, 2012 WL 195027, at *2 (N.D. Ill. Jan. 19, 2012)). "[B]road allegations of speculative harm are not sufficient to establish good cause." *Id.*

### d. Analysis

It is undisputed that each party possesses confidential business information relevant to the issues in dispute and that the public disclosure of this information could cause competitive harm. *See* Doc. 72-1 at 3; Doc. 75-2 at 3. It is further clear that Perkins Coie attorneys are currently and significantly involved in Fontem's efforts to

---

[4] District courts are split on how to apply the moving party's initial burden. *Front Row Techs., LLC. v. NBA Media Ventures, LLC*, 125 F. Supp. 3d 1260, 1277 (D.N.M. 2015). A majority require the movant to show that there is a risk of inadvertent disclosure on a counsel-by-counsel basis and that the bar is reasonable. *Id.* (citing, *e.g.*, *NeXedge, LLC v. Freescale Semiconductor, Inc.*, 820 F. Supp. 2d 1040, 1043 (D. Ariz. 2011)). A minority require the movant to show only that a general bar is reasonable and then use the counsel-by-counsel analysis to determine whether an exemption from the bar is appropriate. *Id.* at 1278 (citing, *e.g.*, *Eon Corp. IP Holdings, LLC v. AT&T Mobility LLC*, 881 F. Supp. 2d 254, 257 (D.P.R. 2012)).

expand its Hon patent portfolio. *See supra* pp. 3-4. However, that is not enough to establish that protective order prohibiting use of such confidential information outside the litigation is insufficient to protect Reynolds' rights and that a prosecution bar is appropriate.

Reynolds has not provided evidence about how Fontem's pending patent applications relate to the confidential information that would trigger the proposed prosecution bar. *See Deutsche*, 605 F.3d at 1381. It has not provided any evidence about what technical information is at risk for misappropriation in the pending patent applications. *See id.* It has not identified what elements of its commercially available products are still confidential and not subject to reverse engineering. *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS, 2016 WL 3129215, at *2, 4 (N.D. Cal. June 2, 2016) (noting that a patent prosecution bar is not necessary for commercially available products whose designs are available in patents or through reverse engineering).

Instead, Reynolds relies primarily on a conclusory affidavit signed by an employee of unstated job title or responsibilities.[5] *See* Doc. 73. He asserts, with no detail, that "[m]uch of the technical information about the accused products and other vapor products and processes is highly confidential and sensitive technical information that would result

---

[5] Reynolds also provided two affidavits from outside counsel. Docs. 72, 77. Ms. Miller addressed the parties' discovery negotiations, Fontem's pending patent applications, and Perkins Coie's involvement in prosecution and litigation. Doc. 72. Mr. Bachman addressed discovery designations. Doc. 77. Neither discussed what Reynolds' information was allegedly confidential or why.

in significant risk of competitive disadvantage or harm to Reynolds if disclosed without restriction upon use or further disclosure," and that this information "cannot be obtained merely through inspection." *Id.* at ¶¶ 3-4.

Such a conclusory affidavit is insufficient to provide good cause for the extremely broad patent prosecution bar Reynolds seeks in this case. *See Helferich*, 2012 WL 6049746, at *3; Doc. 72-1 at ¶ 7.5 (seeking to preclude Fontem lawyers who access documents that "reflect[] or contain[] technical information concerning current or future aerosol or vapor electronic cigarette technology" from participating in patent office prosecutions). Because "general assertions with no support" are insufficient to make the "specific showing of harm or prejudice" necessary to justify a patent prosecution bar, *Paice, LLC v. Hyundai Motor Co.*, No. WDQ-12-0499, 2014 WL 4955384, at *4 (D. Md. Sept. 29, 2014), the Court will deny Reynolds' motion for a patent prosecution bar.[6]

The Court appreciates that "information related to new inventions and technology under development . . . may pose a heightened risk of inadvertent disclosure by counsel involved in prosecution-related competitive decisionmaking." *Deutsche*, 605 F.3d at 1381; *see also Eon Corp. IP Holdings, LLC v. AT&T Mobility LLC*, 881 F. Supp. 2d 254, 257 (D.P.R. 2012). However, that generic risk alone is not enough to justify a patent prosecution bar, absent evidence to support the conclusion that the risk of inadvertent disclosure is particularly high in a particular case. *See Deutsche*, 605 F.3d at 1381. The

---

[6] The Court need not enter the debate on the issue of which party must meet the counsel-by-counsel showing required by *Deutsche*, *see supra* note 4, as it is unnecessary for resolution of this motion. Likewise, the Court makes no determination of whether counsel here are involved in competitive decision-making.

protective order itself prohibits Fontem's lawyers and experts from using Reynolds' confidential information outside this litigation, including before the PTO, and there is nothing to indicate that Fontem's lawyers and experts will not comply.

The Court will also deny Fontem's request to preclude all discovery on future technology. Fontem is free to withdraw its discovery requests for such material if it wishes. Reynolds' counsel suggest this information is relevant to invalidity or damages issues. Doc. 71 at 22-23. Reynolds should not be precluded during the discovery process from relying on or developing this evidence to build its defense. *See* Fed. R. Civ. P. 26(b).

It is **ORDERED** that Reynolds' motion for a protective order, Doc. 70, is **DENIED in part,** to the extent it seeks a prosecution bar, and is otherwise **GRANTED.** The Court will enter a protective order shortly.

This the 23rd day of May, 2017.

UNITED STATES DISTRICT JUDGE